The Chief Justice
delivered the opinion.
John D. Young being clerk of the county court of Fay-Ifette, farmed the office to Abner Fields for one year, com-menciog the first of April, 1816, for (lie consideration of $1000, to be paid to him by Fields, and Fields was to perform all the duties and to receive ail Hie profits and emoluments of the office for that term. Before the end of the year Young and James C. Rodes came to cn agreement whereby Young stipulated io resign the office, and Rodes in consideration thereof and upon the condition of his being appointed, agreed to pay to Young a large sum of money, and furthermore, stipulated that Fields should have the benefit of ¡¡is contract with Young. In pursuance of their agreement, Young, at the April term, ltíl?, of the court, resigned the office and Rodes was appointed.
Subsequent thereto, Rodes agreed with Field-; to give him four hundred d >11 ara for the remaining part of the time Kc had/atmed the office of Young, and executed to Field's *433 eight notes for fifty dollars each, payable at different times in succession, am) Fields gave to Rodes a written obligation, h, nding himself to do all the business that accrued in the office, from Ihe time he farmed it. til! April, 1817.— The four noles executed by Rodes to Fields, which became first due, Rodes paid. Two of the others, which became next due, were assigned bv Fields to Outon, and the fit her two were assigned bv Fields to Hawes.
^ efJ ,-oncer thes.de or lating- to die admioisna-I!011 jl'*J ¡1Cr' ire V01 in equity.
Outon and Hawes brought stprraie suits upon the note» respectively assigned to them, and recovered judgments at law. To enjoin which Rodes filed this bill, alledging that Fields had not performed the duties he had undertaken to do in the office, and that he liad became insolvent and removed from the state shortly after entering into the agreement with Rodes. It appears from the evidence in the cause, that a considerable part of the business which Fields agreed to do in the office was not done, and it is in proof that the price at which an expert clerk could nave been procured to have done it -'as $109 S5 For that sum, ¡ogether with-the costs of the suns at law and of this suit, the circuit court thought Rodes entitled to a credit, to be applied first to Outon’s judgments and the balance to the judgments Attained bv Hawes upon the note which became first due of those assigned to him. That court ac-cordie.gl*.' decreed tee judgments obtained bj Outon, lobe perpetually enjoined, and to the extent of the residue of the credit allowed by the court,*enjoioed the judgment obtained by Hawes upon the note first due, which was assigned to him, and for the balance of that judgment and the whole of the other obtained by Hawes, the injunction was dissolved with ten per cent damages From that decree Ou-ton appealed, Hawes refusing to join him in the appeal,
Wc are clearly of opinion that the contract of Fields to do Iht business which accrued in the office from the time in farmed it till April, ¡817, is no! such as can be enfnr-ced io a court of equity. The contract farming the office bv Young to Fields was obviously illegal and void under the statute of the 5 and 6 of the Ed, 6, made to prohibit tb sale of anv office, or of the deputation of any office which concerns the administration of justice; and the contract between Young and Rodes having tor its object the resignation of the office by the former and-¡he appointment ef «be latter is equally withiu the provisions of that sta-fuu; but if it were not. it is evidently against public polis *434 cy, and contraéis of the same character, even when Sot within the provisions of the statute, have in England been treated as contracts of turpitude, and have been invariably held by the courts of that country as illegal and void.— These contracts furnish the only consideration of the mutual stipulations of the parlies in the subsequent contract between Redes and Fields, and consequently, as the former are illegal and void the latter must be equally so.
Whether tin wiiutdVeli-vf on the prayer ot ¡ e office'"Is 1,6 doubtfui but no doubt lb'/u^tniue ef' dilation u jjIfc ch icing the benefit of it.
Wkklijfc, for appellant, Haggins, for appellee.
Whether, if Redes had sought to be relieved from the judgments on the ground of the illegality of the consideration of the notes upon which the judgments were the court could have granted the relief is a ques-5*013 we nee<^ no* aec*^c' f°r bill is evidently not fra-Died with that view. The turpitude of the transaction is by rutón and not by ilodes, who has cautiously '* out of sight in bis bill, and has sought to enforce contract on the part of Fields and not to avoid the contract on his own part. The decree of the court below *s therefore erroneous, but as Outon alone has appealed^ l'!e decree can only be reversed as to him.
The decree, therefore, so far as it perpetuates the injunctions as to the judgments obtained by Oulon, must be reversed with costs, arid the cause be remanded, that a decree may be rendered dissolving the injunction and dismissing the hill, as to Outer, with costs